IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP -6 PM 1: 16

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| TERRY J. JOHNSON and wife DOROTHY JOHNSON | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05-2015 DP |
| THE CITY OF DYERSBURG, Chief of Police Bob Williamson; Officer Chris Clements; Owner, Homestead Ace Hardware; Bobby Sellers, Agent of Homestead Ace Hardware; Mark Gwyn, Director of Tennessee Bureau of Investigation, Information Systems Division, TBI Instant Check System (TICS), | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING DEFENDANTS HOMESTEAD ACE HARDWARE AND BOBBY SELLERS' MOTION TO DISMISS

Before the Court is the motion (dkt. # 15) of Defendants Homestead Ace Hardware ("Homestead") and Bobby Sellers ("Sellers") (collectively "Defendants") to dismiss. Defendants assert that Plaintiffs Terry and Dorothy Johnson ("Plaintiffs") have not stated a claim upon which relief can be granted. Plaintiffs did not respond to the instant motion. Therefore, it will be decided on the existing record. For the following reasons, the Court GRANTS Defendants' motion to dismiss.

I.      **FACTUAL BACKGROUND**[1]

On January 3, 2004, Plaintiffs went to Defendant Homestead in Dyersburg to purchase a

---

[1] The factual allegations are taken from Plaintiffs' complaint and are presumed to be true for purposes of the instant motion only.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a), FRCP on _____

firearm. They filled out the paperwork and were told to return on January 10, 2004, after the Tennessee Bureau of Investigation ("TBI") performed the necessary check. On January 10, 2004, Plaintiffs returned to Homestead. They waited a considerable amount of time to receive the firearm. Two Dyersburg police officers entered Homestead. Officer Clements placed his hands on his holster and instructed Plaintiff Terry Johnson ("Johnson") to take his hands from his pockets. Johnson alleges that he was "grabbed and yanked" by the officer and was then placed in handcuffs. Officer Clements explained that Johnson was wanted for violating parole in Washington state. Johnson explained that he had never been to Washington. Johnson complained that the handcuffs were too tight, but the officers did not loosen them.

When they arrived at the police station, Johnson requested permission to make a telephone call but was told he must first be booked and processed. Johnson was then told that it was actually New York City, not Washington, where he was wanted. Johnson stated that he had never been to New York.

He was then handcuffed a second time and taken to City Hall to be fingerprinted once more, this time at his request. Again he complained that the handcuffs were too tight and were cutting off the circulation to his hands. He complained of excruciating pain.

After five and a half hours in jail, Johnson was released on his own recognizance. He appeared in court the following Monday and the charges were dismissed. However, Johnson asserts that the records have not been expunged. Johnson alleges that as a result of the arrest, he has suffered emotional distress, physical illness, and injuries to his hands and arms.

On January 7, 2005, Plaintiffs filed a complaint with this Court. On May 19, 2005, Defendants filed the instant motion to dismiss.

## II. LEGAL STANDARD

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Nietzke, 490 U.S. at 326-27; Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1997). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; Westlake, 537 F.2d at 858. The plaintiff, however, has an obligation to allege the essential material facts of the case. Scheid, 859 F.2d at 436-37.

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. Windsor v. The Tennessean,

3

719 F.2d 155, 158 (6th Cir. 1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. Nietzke, 490 U.S. at 327; Murphy v. Sofamor Danek Group, Inc., 123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. Lewis, 135 F.3d at 405-06.

## III. ANALYSIS

### A. False Arrest and Imprisonment

Plaintiffs assert that Johnson was falsely arrested by Officer Clements after receiving incorrect information from TBI and Homestead. However, Plaintiffs did not allege that Homestead or Sellers falsely arrested or falsely imprisoned Plaintiffs. Therefore, Defendants' motion to dismiss Plaintiffs' false arrest and false imprisonment claim is granted.

### B. Conspiracy

Plaintiffs allege that Defendants Clements, TBI, and Homestead acted in concert to violate their constitutional rights. Specifically, Plaintiffs contend that Homestead detained Johnson while a call was made to the police because of misinformation provided by TBI. Plaintiffs assert that the conspiracy claim arises under 42 U.S.C. § 1983. Title 42 of the United States Code, Section 1983 states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.   Thus, 42 U.S.C. § 1983 does not provide a cause of action for conspiracy.

4

Assuming arguendo that Plaintiffs attempted to allege a cause of action in conspiracy, the Court will proceed to analyze Plaintiffs' claim under the applicable statute and laws. The two laws providing causes of action for conspiracy which could be available to the Plaintiffs are 42 U.S.C. § 1985 and civil conspiracy.

> Title 42 of the United States Code, Section 1985 states in pertinent part,
>
> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . . if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985. To survive a motion to dismiss for failure to state a claim under § 1985, the complaint must allege: (1) a conspiracy (2) existed for the purpose of depriving one of equal protection of the law; (3) that it involved one or more conspirators acting in furtherance of the conspiracy; and (4) that the conspiracy caused Plaintiff to suffer an injury or deprivation of a right or privilege. See Griffin v. Breckinridge, 403 U.S. 88, 102-03 (1971); Johnson v. Hills & Dales General Hospital, 40 F.3d 837, 839 (6th Cir. 1994).

Plaintiffs have sufficiently alleged that Officer Clements, Homestead, and TBI worked in concert, each acting in furtherance of the "conspiracy" to arrest Johnson. Furthermore, as a result of the "conspiracy," Johnson allegedly suffered an injury or deprivation of rights when he was arrested on a charge that was later dismissed. Thus, the first, third, and fourth prongs are met. However, Plaintiffs have failed to satisfy the second element of the § 1985 analysis. Plaintiffs allege

5

that Homestead was provided misinformation by TBI and that it was acting on that misinformation when it "detained" Plaintiffs while a call was made to the police. Plaintiffs have not made any allegations that Homestead acted with the purpose of depriving Plaintiffs of the equal protection of the laws. Therefore, Plaintiffs have failed to adequately state a claim pursuant to 42 U.S.C. § 1985.

Similarly, a claim of civil conspiracy under state law must fail. Tennessee courts have defined a civil conspiracy as "a combination between two or more persons to accomplish by concert an unlawful purpose, or to accomplish a purpose not in itself unlawful by unlawful means." Dale v. Thomas H. Temple Co., 208 S.W.2d 344, 353 (Tenn. 1948). Furthermore, "the agreement need not be formal, the understanding may be a tacit one, and it is not essential that each conspirator have knowledge of the details of the conspiracy." Id.

In the instant case, Plaintiffs have not demonstrated that Defendants had an unlawful purpose or used unlawful means in carrying out their goal. See Beaudreau v. Larry Hill Pontiac/Oldsmobile/GMC, Inc., 160 S.W.3d 874, 881 (Tenn.Ct.App. 2004) (an unlawful purpose or unlawful means is an essential element of a civil conspiracy claim and without it the claim is without merit).

Accordingly, Defendants' motion to dismiss Plaintiffs' conspiracy claim is granted.

C. Intentional Infliction of Emotional Distress

Defendants contend that Plaintiffs have not stated a claim of intentional infliction of emotional distress against them. Under Tennessee law, there are three essential elements to a cause of action for intentional infliction of emotional distress: "(1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in serious mental injury." Bain v. Wells, 936

S.W.2d 618, 622 (Tenn. 1997).

Plaintiff has not alleged that Defendants' conduct was intentional. In fact, Plaintiffs specifically aver in the complaint that Defendants acted upon the misinformation from TBI. Moreover, Defendants' conduct could not be seen as outrageous; they merely distracted Plaintiffs until the police arrived. Defendants' actions themselves did not result in any injury to Plaintiffs, even if Plaintiffs' allegations of mental injury from subsequent actions by other Defendants prove to be true. Thus, Plaintiffs have not alleged adequate facts against these Defendants to state a claim of intentional infliction of emotional distress.

Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' claim of intentional infliction of emotional distress.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendants' motion to dismiss all claims against Defendant Homestead Ace Hardware and Bobby Sellers.

**IT IS SO ORDERED** this _31_ day of August, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 29 in case 2:05-CV-02015 was distributed by fax, mail, or direct printing on September 9, 2005 to the parties listed.

---

John D. Burleson
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

William L. Johnson
LAW OFFICE OF WILLIAM L. JOHNSON
212 Adams Ave.
Memphis, TN 38103

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
209 E. Main St
P.O. Box 1147
Jackson, TN 38302--114

Fred Collins
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Lisa Ann Overall
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Dawn Jordan
ATTORNEY GENERAL'S OFFICE
P.O. Box 20207
Nashville, TN 37202

Loys A. Jordan
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT